No. 37,115

MELVIN LEWIS ELLIOTT, *Petitioner,* v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(191 P. 2d 900)

Opinion filed March 25, 1948.

*Wilford Riegle,* of Emporia, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: For the third time within eighteen months Melvin Elliott, by an original proceeding in habeas corpus, asks this court to release him from confinement in the state penitentiary. At his request we have again appointed counsel to represent him.

In *Elliott v. Hudspeth,* 161 Kan. 611, 170 P. 2d 626, after careful

consideration of all contentions relied on by petitioner as requiring the issuance of a writ, we held:

"The record is examined in an original application for a writ of habeas corpus, filed in the supreme court, wherein the petitioner, now confined in the state penitentiary under judgment and sentence of a district court, claims that at the time of the commission of the offense for which he was tried and at the time of his trial, he was insane, and that he was denied counsel and the right to choose his own counsel, and the right to communicate with members of his family and that he was coerced and forced to confess the crime with which he was charged and to enter a plea of guilty thereto, and the court finds as a matter of fact that his claims are not true, and therefore that he is not entitled to the writ sought, and the writ should be denied." (Syl.)

The instant petition first alleges that petitioner is unlawfully restrained of his liberty in violation of the fourteenth and fifth amendments to the constitution of the United States because, in the proceedings resulting in his conviction and sentence, he was charged by information instead of indictment. It then reasserts several of the claims made by him for issuance of a writ in the case from which we have just quoted.

When the cause was called for hearing it was announced that although petitioner had nothing new to offer in support of the claims formerly asserted he was insisting that they be reconsidered and again passed upon. As to the claim of illegal prosecution by information it was stated the contentions advanced with respect thereto were identical to those relied on in *Bailey v. Hudspeth* (No. 37,177), 164 Kan. 600, 191 P. 2d 894 (this day decided), and that such issue was submitted upon the briefs filed and oral argument made in that case.

Based on our decision in *Bailey v. Hudspeth*, supra, we hold that petitioner's claim, he was prosecuted by information instead of indictment and is therefore unlawfully restrained of his liberty, presents no legal ground for the issuance of a writ. Since the other grounds on which he relies for like relief were all determined in *Elliott v. Hudspeth*, supra, and the record presents no facts or circumstances other than those reflected in that decision we decline to review them for the reason that under the circumstances herein related the demand for their reconsideration in this proceeding constitutes an abuse of the privilege of the writ of habeas corpus.

The writ is denied.